UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ANGELO MERCADO,

    Plaintiff,

v.                                     Case No. 9:18-cv-80325-BB

CONGRESS AUTO PARTS CO.,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, CONGRESS AUTO PARTS CO. ("Defendant" or "Congress Auto Parts"), by and through its undersigned counsel, hereby files its Answer to the Complaint by Plaintiff, ANGELO MERCADO ("Plaintiff" or "Mercado"), and states its affirmative defenses thereto as follows:

**PARTIES**

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint, and therefore denies same.

2.    Admitted.

**JURISDICTION AND VENUE**

3.    Defendant only admits that the United States District Court, Southern District of Florida, has subject matter jurisdiction over this claim and that Plaintiff purports to assert an action for damages in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

Defendant denies that Plaintiff has any entitlement to any relief, and denies any liability whatsoever.

4. Defendant admits that the United States District Court, Southern District of Florida, has personal jurisdiction over Defendant.

5. Defendant admits that venue is proper in Palm Beach County, Florida.

## FACTS

6. Defendant only admits that on or about March 25, 2015, Plaintiff filled out an application for employment with Defendant. Defendant denies the remainder of the allegations contained in Paragraph 6 of the Complaint and specifically denies that Exhibit A attached to the Complaint is a true and correct copy of the employment application.

7. Defendant only admits Plaintiff applied for a job performing a variety of duties for Defendant's auto parts retail facilities, one of which was driving. Defendant denies the remainder of the allegations contained in Paragraph 7 of the Complaint.

8. Defendant only admits that Plaintiff consented to undergo a physical examination if required, on his employment application. Defendant denies the remainder of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant only admits that after Plaintiff filed out an employment application, Plaintiff was hired by Defendant as a full time employee, with a salary of $9.50 an hour. Defendant denies the remainder of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant only admits that on occasion Plaintiff worked for more than 10 hours in a day. Defendant denies the remainder of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant only admits that Plaintiff took some breaks during his employment with Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12 of the Complaint, and therefore denies same.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint..

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint..

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint..

16. Admitted.

17. Admitted.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint, and therefore denies same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint, and therefore denies same.

20. Defendant only admits that Plaintiff presented a doctor's note on or about June 2017. Defendant denies the remainder of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint, and therefore denies same.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant only admits that Plaintiff's employment was terminated on June 9, 2015, and that store manager Tony Deakins was a decision-maker with respect to Plaintiff's employment termination. Defendant denies the remainder of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint, and therefore denies same.

31. Defendant only admits that on one occasion, Plaintiff delivered a pizza to one of Defendant's locations. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 31 of the Complaint, and therefore denies same.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint, and therefore denies same.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Admitted.

4821-2698-4030.3

36. Defendant admits that on December 8, 2017, the EEOC issued a Notice of Right to Sue to Plaintiff which is attached to the Complaint as Exhibit C. Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 36 of the Complaint and therefore denies same.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

### COUNT I – Florida Civil Rights Act of 1992 (FCRA)

Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 37 as if fully set forth herein.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Admitted.

41. Admitted.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint..

### COUNT II – Americans with Disabilities Act

Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 37 as if fully set forth herein.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Admitted.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

### COUNT III – Fair Labor Standards Act (FLSA)

Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 37 as if fully set forth herein.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

**COUNT IV – Tortious Interference with Employment Relationship**

Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 37 as if fully set forth herein.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Complaint, and therefore denies same.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. To the extent Paragraph 53 refers to Defendant's actions, Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

**COUNT V – Intentional Infliction of Emotional Distress**

Count V of Plaintiff's Complaint is subject to Defendant's Motion to [Partially] Dismiss.

**COUNT VI – Negligent Infliction of Emotional Distress**

Count VI of Plaintiff's Complaint is subject to Defendant's Motion to [Partially] Dismiss.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed in its entirety with prejudice, that Defendant be awarded its costs, attorneys' fees, and expenses in the amount and manner permitted by applicable law, and that the Court award such other and fair relief as is just and proper.

## JURY TRIAL DEMANDED

Defendant only admits that Plaintiff seeks a trial by jury. Defendant denies that Plaintiff is entitled to any such trial by jury on all such issues.

## AFFIRMATIVE DEFENSES

Without admitting that it has the burden of proving any of the following matters, Defendant alleges the following affirmative defenses. Defendant expressly preserves and asserts all affirmative defenses available under any applicable law. Defendant reserves its right to supplement this Answer and Affirmative Defenses to assert such additional defenses in the event that discovery or other means indicate that additional affirmative defenses would be appropriate.

## GENERAL DENIAL

Defendant denies each and every allegation and inference in the Complaint not specifically admitted herein, and Defendant demands strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, unlearn hands, and/or laches.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that his employment was terminated for legitimate performance reasons wholly unrelated to the allegations contained in the Complaint.

4821-2698-4030.3

### THIRD AFFIRMATIVE DEFENSE

For the reasons stated in the Second Affirmative Defense stated above, Plaintiff's claims are barred because no causal connection exists between any alleged action by Defendant and any damage or injuries allegedly suffered by Plaintiff, the existence of which Defendant denies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover compensatory damages, and any allegations with respect thereto should be stricken, because Defendant did not intentionally engage in any unlawful employment practices. Defendant terminated Plaintiff's employment for wholly legitimate reasons related to Plaintiff's job performance.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, for failure to state a claim upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

Without admitting that Plaintiff suffered any damages, Defendant alleges that Plaintiff is barred from recovering any damages that Plaintiff has failed to mitigate, or which Plaintiff caused.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that he cannot prove that he is disabled and/or handicapped, and that Defendant perceived him as being disabled and/or handicapped.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred by the doctrine of after acquired evidence, if any such evidence is discovered.

4821-2698-4030.3

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant acted in good faith and had a reasonable belief that it was in compliance with applicable law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any claims for overtime compensation by Plaintiff must be offset by any premium compensation, overpayments, bonuses of any type, compensatory time off, or other job related benefits paid or provided.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of payment and/or accord and satisfaction because Plaintiff has already received all the compensation to which he was entitled under the Fair Labor Standards Act or otherwise.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages because Defendant did not willfully or otherwise violate the Fair Labor Standards Act and if any violation is established, Defendant had a good-faith belief that it was in compliance with the Fair Labor Standards Act.  Furthermore, the Complaint does not allege sufficient facts to support the recovery of liquidated damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's tortious interference claim is barred because any alleged tortious interference with a business relationship is not actionable, to the extent that any of the alleged acts complained of were privileged, lawful, and/or justified.

4821-2698-4030.3

Dated: March 13, 2018

Respectfully submitted,

*s/ Larry S. Perlman*
Larry S. Perlman (Florida Bar No. 91934)
lperlman@foley.com
Kenway Wong (Florida Bar No. 125323)
kwong@foley.com
FOLEY & LARDNER LLP
One Biscayne Tower, Suite 1900
2 S. Biscayne Blvd.
Miami, Florida 33131
Tel. No.: 305-482-8400
Fax No.: 305-482-8600
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified.

*s/ Larry S. Perlman*
Larry S. Perlman

## SERVICE LIST

Shlomo Y. Hecht, Esq.
sam@hechtlawpa.com
Shlomo Y. Hecht, P.A.
11651 Interchange Cir S
Miramar, FL 33025
Tel. No.: (954) 861-0025
Fax. No.: (615) 413-6404
***Attorneys for Plaintiff***

Service by Electronic Filing generated by CM/ECF

4821-2698-4030.3