UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80325-BB

ANGELO MERCADO,

    Plaintiff,

v.

CONGRESS AUTO PARTS CO.

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Remand (the "Motion"), *see* ECF No. [17], seeking to remand the proceedings back to state court in Palm Beach County, Florida. The Court has carefully reviewed the Motion, the record, all supporting and opposing submissions, and is otherwise fully advised. For the reasons that follow, the Motion is ganted in part and denied in part.

Plaintiff originally filed this action on February 12, 2018, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* ECF No. [1–2]. In the Complaint, Plaintiff alleges that in and around March 2015, he began working for Defendant, principally as a driver. *See Id*. at ¶¶ 6–9. Throughout his employment, however, his manager teased, harassed, and ultimately fired him due to his diabetic condition—a fact Defendant was aware of prior to employing him. *See Id*. at ¶¶ 8, 13–15, 24. Plaintiff also alleges that at the beginning of June 2015, Defendant and his manager denied him accommodations at work that were advised by his doctor following a medical incident related to his diabetic condition. *See Id*. at ¶¶ 18–23. Following his dismissal on June 9, 2015, for having "too many issues" and "restrictions," Plaintiff began working at a

pizza delivery company in September 2015. *See Id.* at ¶¶ 24–25, 30. On one occasion, Plaintiff was tasked with delivering pizza to Defendant. *See Id.* at ¶ 31. Defendant refused the delivery and later that same day, Plaintiff was fired from the pizza delivery company, which Plaintiff alleges is due to interference from Defendant. *See Id.* at ¶ 32–34. As a result, Plaintiff brought claims against Defendant for a violation of Florida's Civil Rights Act (Count I), the Americans with Disability Act (Count II), the Fair Labor Standards Act (Count III),[1] Tortious Interference with Employment Relationship (Count IV), Intentional Infliction of Emotional Distress (Count V), and in the alternative, Negligent Infliction of Emotional Distress (Count VI). *See Id*.

On March 13, 2018, Defendant removed the case to this Court, invoking federal question jurisdiction as the basis for removal and supplemental jurisdiction over the state law claims. *See* ECF No. [1]. On April 12, 2018, Plaintiff filed the present Motion. *See* ECF No. [17]. Defendant filed its response, and Plaintiff has filed his reply. *See* ECF Nos. [18], [26].

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a), 1446. "Federal district courts, of course, have original jurisdiction over diversity cases and matters arising under federal law." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) (*citing* 28 U.S.C. §§ 1331, 1332). "Removal is a matter of federal right," but on a motion to remand, "'ambiguities are generally construed against

---

[1] On April 5, 2018, the Court dismissed Count III following the parties' Joint Stipulation of Dismissal of said count. *See* ECF Nos. [12]–[13].

removal.'" *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979)[2]; *see Whitt*, 147 F.3d at 1329; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

"Federal law authorizes defendants to remove a state court action to a federal court if the action includes a federal question claim even if the state law claims are not subject to removal based on supplemental jurisdiction." *Capps v. Fla. Highway Patrol*, No. 17–cv–60365, 2017 WL 1436077, at *2 (S.D. Fla. Apr. 24, 2017) (*citing* 28 U.S.C. § 1441(c)). "However, if the federal court finds that it cannot exercise supplemental jurisdiction over claims that were removed with a federal claim, then it must sever the non-federal claim and 'remand the severed claims to the State Court from which the action was removed.'" *Id*. (*quoting* 28 U.S.C. § 1441(c)(2)).

District courts have the power to exercise supplemental jurisdiction over all state law claims that are so related to claims that are within the Court's original jurisdiction that they form part of the same "case or controversy" under Article III of the United States Constitution. *See Capps v. Fla. Highway Patrol*, No. 17–cv–60365, 2017 WL 1436077, at *2 (S.D. Fla. Apr. 24, 2017) (*citing* 28 U.S.C. § 1367(a)). This "case or controversy" standard confers supplemental jurisdiction over all state claims that arise out of a "common nucleus of operative fact with a substantial federal claim." *Lucero v. Trosch*, 121 F.3d 591 (11th Cir. 1997). The test for exercising supplemental jurisdiction "is whether the claims asserted 'derive from a common nucleus of operative fact.' We take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (*quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit Court of Appeals adopted as precedent all decisions issued by the former Fifth Circuit Court of Appeals prior to October 1, 1981.

The Court finds that this test is met as it relates to Plaintiff's claims against Defendant for violations of Florida's Civil Rights Act ("FCRA"), the Americans with Disability Act ("ADA"), Intentional Infliction of Emotional Distress ("IIED"), and Negligent Infliction of Emotional Distress ("NIED"), as they all stem from the same common nucleus of operative fact—namely, that Defendant teased, harassed, and ultimately fired Plaintiff due to his diabetes. And that, as a result of that harassment, Plaintiff suffered emotional distress. *See Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) ("In deciding whether a state law claim is part of the same case or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence.").

The same cannot be said, however, of Plaintiff's claim for Tortious Interference with Employment Relationship given that the claim arises as a result of actions that occurred after Plaintiff was terminated by Defendant. Indeed, at no point in Count IV does Plaintiff mention the harassment or discrimination he endured during his employment with Defendant, or that such harassment played any role in inducing Defendant to interfere with Plaintiff's employment at the pizza delivery company. As a result, Plaintiff's claim under Count IV for Tortious Interference with Employment Relationship must be remanded.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand, **ECF No. [17]**, is **GRANTED IN PART AND DENIED IN PART**. The state law claims for FCRA, IIED, and NIED arise from the same set of facts that support Plaintiff's federal claim under the ADA and, as such, they form part of the same case or controversy for purposes of federal question and supplemental jurisdiction.[3] However, because Count IV for Tortious

---

[3] The Court does not agree with Plaintiff's contention that the state law claims substantially predominate over the federal ADA claim, as courts look to federal law in analyzing claims under FCRA. *See*, *e.g.*, *Verna v. Pub. Health Tr. of Miami-Dade Cty.*, 539 F. Supp. 2d 1340, 1359 (S.D. Fla. 2008) ("The FCRA does not define the term handicap. Instead, in analyzing a disability discrimination claim under the

Interference with Employment Relationship does not arise from the same common nucleus of operative facts as the ADA claim, Count IV is **SEVERED AND REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

**DONE AND ORDERED** in Miami, Florida, this 12th day of June, 2018.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

FCRA, courts use the same framework as disability claims brought under the ADA."); *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255 (11th Cir. 2007) ("[D]isability-discrimination claims under the FCRA are analyzed using the same framework as ADA claims."). In any case, the Court has the discretion to decline supplemental jurisdiction in the event "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2) ("The district courts *may* decline to exercise supplemental jurisdiction . . . .") (emphasis added).