UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  18-80325-CIV-BLOOM/REINHART

ANGELO MERCADO,

                Plaintiff,

v.

CONGRESS AUTO PARTS CO.,

                Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S
## MOTION TO DISMISS COUNTS V AND VI OF PLAINTIFF'S COMPLAINT (DE 4)

This matter is before the Court on the Defendant's Motion to Dismiss Counts V and VI of Plaintiff's Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6).  The District Court referred this matter to the undersigned for a Report and Recommendation.  Docket Entry ("DE") 16.  The undersigned has reviewed the Complaint (DE 1), the Motion to Dismiss (DE 4), the Plaintiff's Response (DE 11), and the Defendant's Reply (DE 15).  The matter is ripe for decision.

## FACTS

The following constitute the material facts alleged in the Complaint.[1]  All paragraph citations (noted as "¶" or "¶¶") are references to the numbered paragraphs in the Complaint.

---

[1] For purposes of this Motion, the Court accepts all well-pled factual allegations in the Complaint as true and evaluates all plausible inferences derived from those facts in favor of the Plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true.").

In March 2015, Plaintiff applied for employment with Defendant.   ¶ 6.   Defendant's employment application asked applicants whether they were willing to undergo a physical, to which Plaintiff checked "yes" and wrote, "I am diabetic."  ¶¶ 6-7.   Defendant hired Plaintiff, and Plaintiff worked for Defendant until June 2015.  ¶¶ 9, 24.  During this period, Plaintiff's manager "constantly" harassed Plaintiff; on one occasion threatening to "prick" Plaintiff, and on another occasion calling him a "pretty boy with diabetic food."  ¶¶ 13-15.

In the beginning of June 2015, Plaintiff was admitted to the emergency room where he was treated for diabetes, high blood pressure, and anxiety.   ¶ 18.  Plaintiff's doctor instructed both Plaintiff and Defendant that Plaintiff required one week's rest.  ¶ 19.  On June 9, 2015, Plaintiff was fired for having "too many issues" and "too many restrictions."  ¶ 24.  In September 2015, Plaintiff procured employment as a driver for a pizza delivery company.  ¶ 30.  Plaintiff was later terminated from that position – a result he attributes to Defendant's refusal to accept a delivery from him.  ¶¶ 31-34.

## LEGAL CLAIMS

Plaintiff filed this action alleging violations of Florida's Civil Rights Act (Count I), the Americans with Disabilities Act (Count II), the Fair Labor Standards Act (Count III),[2] Tortious Interference with Employment Relationship (Count IV),[3] Intentional Infliction of Emotional Distress (Count V), and in the alternative, Negligent Infliction of Emotional Distress (Count VI). Defendant filed the instant Motion on March 13, 2018, moving for dismissal of Count V and Count VI, arguing that the Complaint fails to state a claim for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED").   Specifically,

---

[2] On April 5, 2018, the Court dismissed Count III following the parties' Joint Stipulation of Dismissal.  (DE 13).
[3] On June 13, 2018, the Court severed Count IV and remanded that count to state court.  (DE 33).

Defendant contends that Plaintiff has failed to allege the type of outrageous conduct necessary to state a claim for IIED or NIED.

## DISCUSSION

### 1. Motion to Dismiss Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

### 2. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, a plaintiff must plead four elements: "(1) extreme and outrageous conduct; (2) an intent to cause, or reckless disregard to the probability of causing, emotional distress; (3) severe emotional distress suffered by the plaintiff, and (4) that the conduct complained of caused the plaintiff's severe emotional distress."

*Blair v. NCL (Bahamas) Ltd.*, 212 F. Supp. 3d 1264, 1270 (S.D. Fla. 2016) (J. Seitz) (citing *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985)).  Outrageous conduct is that which causes severe emotional distress "of such intensity or duration that no ordinary person should be expected to endure it."  *Henderson v. Hovnanian Enterprises, Inc.*, 884 F. Supp. 499, 503-04 (S.D. Fla. 1995) (quoting *In re Standard Jury Instructions—Civil Cases No. 94-1*, 645 So. 2d 999, 1000 (Fla. 1994)).  "Whether conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a question of law, not a question of fact."  *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 595 (Fla. Dist. Ct. App. 2007).

In actions involving allegations of workplace harassment, "Florida law imposes a very high standard on a plaintiff alleging intentional infliction of emotional distress."  *McNamara v. Florida Power & Light Co. et al.*, No. 17-CV-81181, 2018 WL 582537, at *5 (S.D. Fla. 2018) (J. Bloom).  Federal courts interpreting Florida law have observed that "the distinction between permissible and non-permissible IIED claims in the area of employment law appears to be the existence of a significant physical component that forms part of the harassment."  *Id.*  (citing *Vernon v. Med. Mgmt. Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1558-60 (S.D. Fla. 1996)).

In the absence of a significant physical component, a complaint may nonetheless state a claim for intentional infliction of emotional distress, but only if the plaintiff "is peculiarly susceptible to emotional distress, and the other person knows it."  *Bakar v. Bryant*, No. 13-21927-CIV, 2013 WL 5534235, at *3 (S.D. Fla. 2013) (J. Moreno) (citing *Jenks v. Naples Comm'y Hosp.*, 829 F. Supp. 2d 1235, 1256 (M.D. Fla. 2011)).  This exception, referred to by courts as the "lower standard of outrageousness," is narrow, applying "only where the complaint pleads facts showing that the defendant *knew* of the plaintiff's susceptibilities."  *Id.*  In one such case decided by this district, the Court determined that a lower standard of outrageousness

applied because the complaint alleged "[r]epeated unwelcome and offensive touching by [another employee], particularly where Defendant required Plaintiff to work with her harasser *after* being made aware of the harassment." *Gissendanner v. Area Wide Protective, Inc.*, No. 16-CV-60770, 2016 WL 3999568, at *4 (S. D. Fla. 2016) (J. Bloom) (emphasis in original).

Here, when analyzed under the general standard, Plaintiff's allegation of constant harassment, coupled with the singular threat of pricking Plaintiff, does not amount to extreme and outrageous conduct under Florida law.  *See Bakar*, 2013 WL 5534235, at *3 ("Florida case law makes clear that an allegation of verbal harassment, without significant physical attack, is insufficient to plead an intentional infliction of emotional distress claim"); *see also Vernon*, 912 F. Supp. at 1559 (analyzing IIED claim and noting that "[l]iability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities").  Nor do Plaintiff's terminations amount to outrageous conduct.  *See Jenks*, 829 F. Supp. 2d at 1257 (rejecting plaintiff's argument that termination constituted verbal or physical abuse); *see also Patterson v. Downtown Med. & Diagnostic Ctr., Inc.*, 866 F. Supp. 1379, 1383 (M.D. Fla. 1994) (dismissing claim of intentional infliction of emotional distress because termination of at-will employee is not outrageous conduct).  The instant Complaint's failure to allege physical contact distinguishes Plaintiff's case from *Johnson v. Thigpen*, 788 So. 2d 410, 414 (Fla. Dist. Ct. App. 2001), in which the appellate court found that a claim for IIED had been pleaded based on allegations of "persistent acts of verbal abuse" combined with "repeated offensive, unwelcomed physical contact."

Additionally, Plaintiff's attempt to analogize the instant case to *Albert v. National Cash Register Company* is unconvincing.  874 F. Supp. 1328 (S.D. Fla. 1994) (J. Ungaro).  In *Albert*, the plaintiff brought a claim for intentional infliction of emotional distress against her former

employer, alleging that her supervisors harassed her because of her gender, religion, and national origin. *Id.* at 1329. In denying the employer's motion to dismiss, the Court reasoned that the complaint's allegation of a pattern of harassment withstood dismissal because "the record is insufficiently developed to determine whether Defendants' alleged conduct amounted to extremely outrageous behavior such that Plaintiff could recover under the tort of intentional infliction of emotional distress." *Id*. at 1331. Although *Albert* remains good law, its applicability to the instant case is called into question as it was decided pre-*Twombly* and *Iqbal*. Under *Twombly* and *Iqbal*, a plaintiff bears the burden to allege facts to establish a plausible claim for relief, and an "insufficiently developed" complaint does not satisfy that burden. *See Saadi v. Maroun*, No. 8:07-CV-1976T-24-MAP, 2008 WL 4194824, at *5 (M.D. Fla. 2008) (granting motion to dismiss intentional infliction of emotional distress claim, holding that "[c]laims for intentional infliction of emotional distress must allege the ultimate facts that the Court can use to determine whether the claim can be sustained").

Alternatively, Plaintiff urges this Court to find that the lower standard of outrageousness applies. Federal courts interpreting Florida law post-*Twombly* and *Iqbal* have routinely held that claims for intentional infliction of emotional distress based solely on allegations of frequent verbal harassment cannot withstand dismissal unless the lower standard of outrageousness applies. *See McNamara*, 2018 WL 582537, at *5 (dismissing claim for intentional infliction of emotional distress based solely on allegations of frequent ridicule, hostility, and public humiliation because the complaint lacked allegations of "non-negligible" physical conduct); *see also Jenks*, 829 F. Supp. 2d at 1256 (rejecting claim of IIED because Plaintiff failed to plead verbal abuse coupled with physical contact, and did not allege that she was susceptible to emotional distress).

In support of his position that the lower standard of outrageousness applies based on Defendant's knowledge of Plaintiff's susceptibility to distress, Plaintiff points to Paragraph 8 of the Complaint, which states, "Plaintiff informed Defendant that he is disabled because he is diabetic." Plaintiff also relies on Paragraph 13, alleging, "Plaintiff was constantly harassed by his manager, Tony Deakins, for his disability and diabetic condition," and Paragraphs 18 and 20, stating, respectively, "[a]t the beginning of June, 2015, Plaintiff was admitted to the emergency room, for medical care, due to his diabetic condition, and was treated for high blood pressure and anxiety" and "[a] copy of the doctor's note was promptly forward to Defendant."

Applying the lower standard of outrageousness and accepting all allegations in the Complaint as true, Defendant's earliest knowledge of Plaintiff's susceptibility to emotional distress occurred in June 2015 when Plaintiff was admitted to the emergency room and Defendant was informed of Plaintiff's need for rest. Contrary to Plaintiff's assertion, Defendant's knowledge of Plaintiff's diabetic condition based on Plaintiff's response on the employment application is not sufficient to trigger application of the lower standard of outrageousness. It is not sufficient for Plaintiff to plead the existence of a medical condition; rather, Plaintiff must plead that Defendant had knowledge of Plaintiff's susceptibility to emotional distress *because of* his medical condition. *See Bakar*, 2013 WL 5534235, at *4 (dismissing IIED claim, reasoning that "there are no allegations suggesting that Defendant knew Plaintiffs had any physical or mental conditions rendering them susceptible to emotional distress); s*ee also Liberty Mut. Ins. Co.*, 968 So. 2d at 595 (analyzing outrageousness element of IIED claim, and explaining that "[t]he extreme and outrageous character of the conduct may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, *by reason of some physical or mental condition of peculiarity*") (emphasis added). For example,

Plaintiff's Response cites to Paragraph 20 of the Complaint as establishing Defendant's knowledge of Plaintiff's susceptibility to distress, but the Complaint does not allege whether the harassment continued after Defendant became aware of Plaintiff's hospitalization, or, alternatively, whether Defendant was aware of Plaintiff's susceptibility to emotional distress during any point prior to his hospitalization.

Plaintiff's reliance on *Doe v. Board of County Commissioners* does not change the outcome. 815 F. Supp. 1448 (S.D. Fla. 1992) (J. Highsmith). In *Doe*, also decided pre-*Twombly* and *Iqbal*, the plaintiff brought suit against her employer for intentional infliction of emotional distress, alleging that her employer harassed her because of a mental handicap that the defendant was aware of. *Id.* The court held that the plaintiff stated a claim for intentional infliction of emotional distress, but cautioned that "[a]bsent Doe's special circumstances, [her employer's] alleged harassment and pestering of Doe would not qualify as extreme and outrageous conduct in a work environment." *Id.* at 1450. *Doe* is distinguishable from the instant case in two respects. First, the plaintiff in *Doe* alleged that she had a particular mental handicap which rendered her susceptible to emotional distress. Second, the plaintiff in *Doe* alleged that the defendant acted with knowledge of the plaintiff's susceptibility to emotional distress. Here, the Complaint neither alleges a mental condition making the Plaintiff susceptible to emotional distress nor alleges Defendant's knowledge of such distress at the time the harassment occurred.

### 3.  Negligent Infliction of Emotional Distress

As with IIED, a claim for NIED requires "conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ripple v. Davol, Inc.*, No. 2:16-CV-14455, 2017 WL 2363697, at *3 (S.D. Fla. 2017) (J. Rosenberg). Because Plaintiff has failed to

plead outrageous conduct, his claim for NIED must also be dismissed.  Moreover, even if the Complaint sufficiently alleged outrageous conduct to support a claim for IIED or NIED, Plaintiff has failed to attribute such conduct to the actions of Defendant.  Plaintiff's allegations that his manager harassed, teased, and threatened "to prick him" are insufficient to establish *Defendant's* liability for intentional or negligent infliction of emotional distress.  *See Blount v. Sterling Healthcare Group, Inc.*, 934 F. Supp. 1365, 1372 (S.D. Fla. 1996) (J. Ungaro) (explaining that "[u]nder Florida law, in order for an employer to be liable under the theory of respondeat superior for the intentional torts of an employee, the alleged wrongs must be committed within the real or apparent scope of the employer's business"); *see also Sparks v. Jay's A.C. & Refrigeration, Inc.*, 971 F. Supp. 1433, 1440 (M.D. Fla. 1997) (finding complaint stated claim for vicarious liability against employer where plaintiff alleged that the offending employee's actions were committed in the scope of his employment). Accordingly, Plaintiff's Complaint fails to allege facts to support Defendant's liability for IIED or NIED.

## REPORT AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the District Court GRANT the Motion to Dismiss and DISMISS COUNTS V AND VI WITHOUT PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Beth Bloom, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 19th day of June, 2018, at West Palm

Beach in the Southern District of Florida.

_____

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE